# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHILLIP STEPHEN JOHNSON,
        Appellant,

v.

DEPARTMENT OF COMMERCE,
        Agency.

DOCKET NUMBER
DC-0752-13-1531-I-1

DATE: April 8, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Douglas Hartnett, Esquire, Washington, D.C., for the appellant.

David M. Brown, Washington, D.C., and Lindsay Young, Esquire, Silver Spring, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We MODIFY the initial decision to supplement the administrative judge's analysis of the appellant's whistleblowing retaliation claim, but we agree with the administrative judge's implicit finding that the appellant failed to prove this affirmative defense. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2        Effective July 13, 2013, the agency removed the appellant from his Physical Science Technician position based on five specifications of the charge of conduct unbecoming a federal employee.  Initial Appeal File (IAF), Tab 1 at 13-19, Tab 9 at 5.  The appellant appealed his removal to the Board.  IAF, Tab 1.  After holding the requested hearing, the administrative judge issued an initial decision affirming the removal action.  IAF, Tab 36, Initial Decision (ID) at 1, 23.  The administrative judge sustained only specification four of the conduct unbecoming charge, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty was within the bounds of reasonableness. ID at 8-14, 20-23.  The administrative judge additionally found that the appellant failed to prove his claim of retaliation for protected union activity.  ID at 14-20.

¶3    The appellant has filed a petition for review challenging the administrative judge's finding that the agency presented preponderant evidence proving specification four of the conduct unbecoming charge.  Petition for Review (PFR) File, Tab 1.  He states that he does not dispute the administrative judge's finding that he failed to prove his affirmative defense of retaliation for protected union activity.  *Id.* at 4 n.1.  He also does not contest the administrative judge's findings regarding nexus and the reasonableness of the removal penalty.  *See* PFR File, Tabs 1, 4.  The agency has responded in opposition.  PFR File, Tab 3.  The appellant has filed a reply to the agency's response.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    While not raised by the appellant on review, we find that the administrative judge failed to address in the initial decision the appellant's whistleblowing retaliation claim under 5 U.S.C. § 2302(b)(8), consisting of an allegation of workplace bullying that was allegedly known by the proposing official.  *See* IAF, Tab 28 at 16, Tab 31 at 1-3, Tab 33 at 5.  Although we ultimately agree with the administrative judge's implicit finding that the appellant failed to prove his whistleblowing retaliation claim, we are modifying and supplementing the administrative judge's analysis to expressly address this affirmative defense.

¶5    An appellant may demonstrate that a protected disclosure was a contributing factor in a personnel action through circumstantial evidence, such as the acting officials' knowledge of the disclosure and the timing of the personnel action.  *Schneider v. Department of Homeland Security*, 98 M.S.P.R. 377, ¶ 16 (2005).  An appellant may establish an official's constructive knowledge of a protected disclosure by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action.  *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 19 (2014).  The Supreme Court has adopted the term "cat's paw" to describe a case in which a particular management official, acting because of an improper animus, influences

an agency official who is unaware of the improper animus when implementing a personnel action. *Id.* (citing *Staub v. Proctor Hospital*, 131 S. Ct. 1186, 1190, 1193-94 (2011)). Under the cat's paw theory, an appellant can demonstrate that a prohibited animus toward a whistleblower was a contributing factor in a personnel action by showing by preponderant evidence that an individual with knowledge of the appellant's protected disclosure influenced the deciding official accused of taking the personnel action. *Aquino*, 121 M.S.P.R. 35, ¶ 23.

¶6        We find that the appellant did not present evidence below that his allegedly protected disclosure was a contributing factor in his removal. In the instant case, the appellant has not alleged or proven that the deciding official had knowledge of the alleged protected disclosure, or that the proposing official's alleged knowledge should be imputed to the deciding official. *See Visconti v. Environmental Protection Agency*, 78 M.S.P.R. 17, 23-24 (1998); *cf. Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶¶ 11-13 (2012) (finding that a lack of actual knowledge by a deciding official is not dispositive where an appellant sought corrective action in an individual right of action appeal). The appellant has not contested the deciding official's testimony that she was unaware of the protected disclosure. *See* IAF, Tab 34, Hearing Compact Disc 1 (HCD1) (7:04:35-7:04:50). Further, the appellant has not demonstrated that the proposing official had a prohibited animus toward the appellant and also has not contested the proposing official's testimony that he did not consider the appellant's disclosure when proposing the removal action. *See id.* (5:07:50-5:08:07). We find that the appellant's reference to a disclosure allegedly made to the proposing official is insufficient to establish by preponderant evidence that the proposing official influenced the deciding official, and we likewise find that his allegation does not impute knowledge of the appellant's protected disclosure to the deciding official. *See Aquino*, 121 M.S.P.R. 35, ¶ 23; *Visconti*, 78 M.S.P.R. at 23-24.

¶7        In his petition for review, the appellant disputes the administrative judge's finding that the agency proved specification four of the conduct unbecoming

charge by a preponderance of the evidence.[2] PFR File, Tabs 1, 4. The agency based specification four on the appellant's alleged vandalism of his first-level supervisor's vehicle at the worksite. IAF, Tab 1 at 8-11, 14-15. Specifically, the agency asserts that the appellant backed his vehicle into a parking spot next to his supervisor's vehicle in the visitor parking lot, punctured the tire of his supervisor's vehicle, and then drove away into the parking garage. *Id.* at 9-10, 14-15. In sustaining the conduct unbecoming charge, the administrative judge considered the testimony of the appellant's first-line supervisor, the site security and safety manager, the appellant's coworker who repaired the supervisor's tire, a tire shop owner, and the appellant. ID at 8-12. The administrative judge also relied on security camera videos in sustaining the specification. ID at 8-9, 11-12. The administrative judge determined that the coworker's testimony regarding how the tire damage might have occurred was not credible because of his expressed bias against management. ID at 11. The administrative judge further did not credit the appellant's testimony that he stayed inside his car for the entire 6 minutes he was parked next to his supervisor's vehicle because the security video showed a person moving around his and his supervisor's vehicles during the same time period. ID at 11-12.

¶8 The appellant contests the administrative judge's credibility findings regarding both his and his coworker's testimony. PFR File, Tab 1 at 6, 10, 14-16, 18, Tab 4 at 5, 7. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Where, as here, an administrative judge has heard live testimony, his credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses.

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

*Little v. Department of Transportation*, [112 M.S.P.R. 224](#), ¶ 4 (2009).  The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe*, 288 F.3d at 1301.  Thus, the Board may overturn demeanor-based credibility determinations when the administrative judge's findings are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole.  *Rapp v. Office of Personnel Management*, [108 M.S.P.R. 674](#), ¶ 13 (2008).  We find that the appellant has not provided any such sufficiently sound reason because the administrative judge's credibility determinations are consistent with the record.

¶9    The appellant argues that his coworker's testimony that the appellant's supervisor is an "exception" to his negative perception of management overall shows that he is not biased.  PFR File, Tab 1 at 10; *see* HCD1 (3:58:25-3:59:45).  However, we agree with the administrative judge that the coworker's statements that members of management are "the enemy" and "vindictive" demonstrate strong bias.  ID at 10-11; HCD1 (3:56:40-3:57:20); *see Hillen v. Department of the Army*, [35 M.S.P.R. 453](#), 458 (1987) (an administrative judge must consider a witness's bias to resolve credibility issues).

¶10    The appellant further argues that the administrative judge improperly discounted his testimony that he did not leave his car during the time it was parked next to his supervisor's vehicle.  PFR File, Tab 1 at 13-14.  We find that the security video, which shows a person moving around the appellant's and the supervisor's vehicles, supports the administrative judge's finding that the appellant's version of events is not credible.  IAF, Tab 11, Video CD 1 (VCD1), Camera 25 (18:28:50-18:34:38); *see Hillen*, 35 M.S.P.R. at 458 (an administrative judge must consider the inherent improbability of the witness's version of events to resolve credibility issues).

¶11    The appellant also claims that the administrative judge discounted his testimony based on his alleged honest misstatement during the hearing that he saw a vehicle leave instead of enter the parking garage.  PFR File, Tab 1 at 14-15.

The appellant testified that he saw a car leave the parking garage. IAF, Tab 35, Hearing CD 2 (HCD2) (2:18:30-2:20:16). Previously, however, the appellant consistently maintained in his written reply to the notice of proposed removal and in his pleadings that he saw a car enter the parking garage, which is supported by the security video. IAF, Tab 9 at 14, Tab 28 at 11, Tab 33 at 11; VCD1, Camera 25 (18:30:23-18:30:45). We find that the administrative judge properly considered the appellant's alleged honest misstatement that he saw a car leave the garage, because its inconsistency with his prior pleadings and the security video cast doubt on his testimony. *Crane v. Office of Personnel Management*, 55 M.S.P.R. 16, 19 n.* (1992), *aff'd*, 996 F.2d 1235 (Fed. Cir. 1993) (Table); *see Hillen*, 35 M.S.P.R. at 458 (an administrative judge must consider any prior inconsistent statement by the witness and the contradiction of the witness's version of events by other evidence to resolve credibility issues). Moreover, even assuming that the appellant made an honest misstatement, we find that the administrative judge did not base the appellant's credibility determination solely on this misstatement but also on his review of the security camera videos. ID at 11-12. Therefore, we defer to the administrative judge's credibility determinations because they were implicitly based on the witnesses' demeanor and the appellant has not presented a sufficiently sound reason to overturn them.

¶12 The appellant next disputes the administrative judge's finding that vandalism occurred and asserts that it is equally likely that debris could have punctured the supervisor's tire. PFR File, Tab 1 at 6-12, Tab 4 at 5-6. He argues that the administrative judge failed to consider the appellant's testimony that the parking garage was closed the previous evening for cleaning and there was construction debris in the area around the parking lot that could have punctured his supervisor's tire. PFR File, Tab 1 at 9. He similarly alleges that the administrative judge failed to consider his coworker's testimony that he had to ask the supervisor to turn the wheel of his vehicle outward in order to repair the tire, and the tire shop owner's testimony that it would be difficult to puncture a

tire in the same location as on the supervisor's tire. *Id.* The administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). The appellant also argues that the administrative judge mischaracterized the tire shop owner's testimony that it is "probably not" possible to puncture a tire with a drill bit by stating in the initial decision that it is "possible." PFR File, Tab 1 at 9. We note that the administrative judge actually stated in the initial decision that the tire shop owner testified that it is "difficult to punch through the treat, though, not impossible . . . ." ID at 10. We find that, the appellant's contentions in this regard do not warrant an outcome different from that of the initial decision. *See* 5 C.F.R. § 1201.115(a)(1). We agree with the administrative judge that it was more likely than not that vandalism caused the tire puncture when considering the administrative judge's credibility determinations and the entire record, including the security videos. *See* IAF, Tab 11, Video CDs 1-2.

¶13     The appellant further argues that the administrative judge failed to prove by preponderant evidence that the appellant himself committed vandalism. PFR File, Tab 1 at 12-16, Tab 4 at 6-7. The appellant contends that the administrative judge erroneously inferred that the appellant knew what type of vehicle his supervisor drove at the time of the alleged events on November 17, 2012, because the appellant admitted during the hearing that he parked next to his supervisor's vehicle. PFR File, Tab 1 at 12-13. We are not persuaded that the administrative judge misconstrued the appellant's consistent claim that he unknowingly parked next to his supervisor's vehicle. *See* IAF, Tab 9 at 14, Tab 33 at 11; *see also* HCD2 (2:11:39-2:12:29). The administrative judge did not state that the appellant admitted that he knew on November 17, 2012, that he was parking next to his supervisor's vehicle. ID at 10-11. However, we agree with the administrative judge's implicit finding that the appellant had prior knowledge of

his supervisor's vehicle on November 17, 2012, because of the appellant's inferred motive against his supervisor for proposing his suspension. *See* ID at 8, 12, 20, 22-23. Thus, we find that the administrative judge did not misconstrue the appellant's testimony or argument.

¶14 The appellant next argues that the administrative judge's alternative theory of an accomplice is a "leap of logic" that, if true, would show that the appellant himself did not commit vandalism. PFR File, Tab 1 at 13. We need not reach this argument because the agency has shown by preponderant evidence that the appellant punctured his supervisor's tire. *See* ID at 11-12; *see also* IAF, Tab 11, Video CDs 1-2. Therefore, even assuming that the appellant's argument regarding the administrative judge's alternative theory is valid, the result is immaterial to the outcome of this case.

¶15 Finally, the appellant argues that the circumstantial evidence in this case does not support the conduct unbecoming charge by preponderant evidence. PFR File, Tab 1 at 10-12, 16-17, Tab 4 at 4-7. When direct evidence to support a given charge is absent, circumstantial proof may be offered to establish the charge if such evidence makes any fact of consequence more or less probable than it would be without the proffered circumstantial proof. *Fouquet v. Department of Agriculture*, 82 M.S.P.R. 548, ¶ 39 (1999). When there is no significant contrary proof, circumstantial evidence can constitute proof by preponderant evidence. *Id.* In the present case, we find that the appellant has not offered significant contrary proof to rebut the agency's strong circumstantial evidence in support of the conduct unbecoming charge. *See id.*

¶16 Thus, the appellant fails to provide on review a compelling reason to disturb the administrative judge's analysis as set forth in the initial decision.[3] *See*

---

[3] We find that the administrative judge erred by providing notice of "mixed case" appeal rights when the appellant did not raise, and the administrative judge did not adjudicate, any discrimination claim. However, the administrative judge's error in providing the appellant with notice of mixed case appeal rights has not affected the appellant's substantive rights. *See Karapinka v. Department of Energy*, 6 M.S.P.R.

*Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the

124, 127 (1981) (the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.